**Robert S. FUCHS, Regional Director of the First Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,**

v.

**LOCAL 33, UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA, AFL–CIO, Respondent.**

Civ. A. No. 88–0163–N.

United States District Court,
D. Massachusetts.

March 14, 1988.

Benjamin Smith, N.L.R.B. and Thomas P. O'Neill Jr., Boston, Mass., for petitioner.

Aaron D. Krakow, Feinberg & Feld, Boston, Mass., for Carpenters Local No. 33.

## MEMORANDUM AND ORDER

DAVID S. NELSON, District Judge.

Petitioner, Michael Walsh, Acting Regional Director of the National Labor Relations Board ("NLRB"), files a petition for an injunction under Section 10($l$) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160($l$). He asserts that he has reasonable cause to believe that the respondent, Local 33, United Brotherhood of Carpenters and Joiners of America, AFL–CIO, is violating Section 8(b)(7)(C) of the NLRA. 29 U.S.C. § 158(b)(7)(C). This section prohibits picketing for purposes of union recognition where a petition for election under section 9(c) has not been filed within 30 days of the commencement of picketing. The petitioner seeks to restrain the respondent's picketing pending final NLRB disposition of the section 8(b)(7)(C) charge against the respondent.

In considering a petition for an injunction under Section 10($l$) of the NLRA, this court will limit its determination to whether the Board had reasonable cause to believe the Act was being violated as charged, and finding such cause, will grant relief it deems just and proper. *Union de Tronquistas de Puerto Rico, Local 901 v. Arlook*, 586 F.2d 872, 876 (1st Cir.1978). Indeed, when presented with disputed issues of fact, this court will sustain the Regional Director's findings as long as they are within the range of rationality. *Maram v. Universidad Interamericana*, 722 F.2d 953, 958 (1st Cir.1983).

The petitioner maintains that he has reasonable cause to believe that Robert Marshall, an organizer for the respondent union, and Andrew Sarno, the union business agent, began seeking union recognition in August of 1987. On two occasions, August 14 and August 28, 1987, he maintains, the two union officials demanded that Eurovest, Inc. recognize and bargain with Local 33 as the collective bargaining representative of the carpenters employed by Eurovest. Petition for Injunction at 4. The

carpenters work at Eurovest's job site at Wiget and Margin Streets in Boston, Massachusetts. *Id.*

Furthering this objective, petitioner contends, Local 33 began picketing Eurovest's headquarters on Commercial Street in Boston with picket signs which state the following: "Eurovest is a scab contractor who does not conform to area standards established by Carpenters Local 33, AFL–CIO. This sign is not for recognitional or organizational purposes." *Id.* The petitioner believes that the respondent engaged in these activities without a valid petition submitted under Section 9(c) of the NLRA. 29 U.S.C. § 159(c). That is, the union did not petition for an election to represent the bargaining unit of carpenters at the job site within a reasonable time. Petition at 5. In his Motion to Amend Petition, petitioner asserts that the union has disrupted services and deliveries to the Eurovest headquarters building. Motion to Amend Petition at 1–2.

The respondent disputes the petitioner's contention that it had a recognitional objective in conducting two meetings with Eurovest in August of 1987. It further disputes the petitioner's claim that its present picketing has any recognitional or organizational objective. Petitioner's [sic] [Respondent's] Opposition to Request at 3. And even if there were recognitional objective in August, respondent contends, there is no evidence that the original object continues. *Id.* at 7. Finally, the union disputes the affidavits incorporated in petitioner's motion to amend petition, on the grounds they are inadmissable hearsay.

The director's petition presents this court with the question of whether the petitioner can reasonably believe the respondent's picketing has a recognitional objective on the singular basis of his belief that there was a recognitional objective in August of 1987, i.e., does the organizational purpose in August continue—without any additional evidence—into the picketing in October?

 As a threshold requirement, a union must first have a recognitional objective behind its picketing for NLRA section 8(b)(7)(C) to apply. Section 8(b) applies the statute to labor organizations and its agents; section 8(b)(7) goes on to preclude picketing in certain circumstances by such a union "where an object thereof is forcing or requiring an employer to recognize or bargain with a labor organization as the representative of his employees ..." 29 U.S.C. § 158(b)(7).

The petitioner asserts that the union's objective is recognitional. He suggests in his Motion to Amend his Petition for Injunctive Relief an alternative assertion: that even if the picketing is for informational purposes under subsection (C) it is still unlawful; because of the disruption of deliveries. Petition for Injunction: 29 U.S.C. § 158(b)(7)(C).

 The petitioner has presented evidence of recognitional objective behind the union's discussion with Eurovest in August of 1987. Exhibits, Petition for Injunction. Although this finding is disputed by the respondent, it must be accepted by the court. In Section 10(*l*) cases, disputed issues of fact are decided in favor of the petitioner. *Maram,* 722 F.2d at 958; 29 U.S.C. § 160(*l*).

 But this does not end the inquiry. Evidence of past organizational purpose does not create a presumption that subsequent picketing has the same purpose. *Barss v. Tosches,* 785 F.2d 20, 23 n. 3: *see e.g., McLeod v. Chefs, Cooks, Etc., Local 89 et al,* 280 F.2d 760, 764 (2d Cir.1960). For the petitioner to reasonably believe that the picketing since October has recognitional purpose, he must find some evidence other than the August discussions. This court has canvassed the submissions of the parties and the attached exhibits and finds no evidence of *present* recognitional purpose. Six weeks elapsed from the time of the August discussions to the time of the initiation of picketing. Petition for Injunction at 4. The union's placards clearly indicate that the demonstrations are not for recognitional or organizational purposes. Only a presumption creates such a finding of intent, and such a presumption is foreclosed by *Barss. Barss,* 785 F.2d at 23 n. 3. The petitioner has not submitted evi-

**18**

dence leading to a reasonable belief that present intent to gain recognition exists.

As an initial matter then, the petitioner has not shown a reasonable belief that a violation of section 8(b)(7)(C) is occurring, because he has not shown a reasonable belief that the union's activities have the requisite organizational or recognitional objective under section 8(b)(7). For these reasons, relief under section 10(*l*) of the NLRA is not appropriate. 29 U.S.C. § 160(*l*).

Of course, provided with evidence of *present* recognitional objective by the union sufficient to warrant a section 10(*l*) injunction, this court stands ready to act in a manner just and proper. Moreover, denial of relief under section 10(*l*) certainly does not restrict the petitioner's rights to redress for any separately cognizable harm suffered from the picketing. However, on the present facts, relief cannot flow from section 10(*l*) of the NLRA. 29 U.S.C. § 160(*l*).

Accordingly, the petition for injunction is DENIED.

SO ORDERED.